RAILWAY MAIL ASSOCIATION, Respondent, v. EDWARD S. CORSI, as Industrial Commissioner of the State of New York, et al., Appellants.

Third Department, March 8, 1944.

*Nathaniel L. Goldstein, Attorney-General,* for appellants.

*Dugan & Dugan,* attorneys for respondent.

BLISS, J.   The question in this case is whether Railway Mail Association is violating section 43 of the Civil Rights Law. It arises in an action for a declaratory judgment.

The statute:

" § 43. Discrimination by labor organizations prohibited.

" As used in this section, the term ' labor organization ' means any organization which exists and is constituted for the purpose, in whole or in part, of collective bargaining, or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection.   No labor

organization shall hereafter, directly or indirectly, by ritual-
istic practice, constitutional or by-law prescription, by tacit
agreement among its members, or otherwise, deny a person or
persons membership in its organization by reason of his race,
color or creed, or by regulations, practice or otherwise, deny
to any of its members, by reason of race, color or creed, equal
treatment with all other members in any designation of mem-
bers to any employer for employment, promotion or dismissal
by such employer.''

Railway Mail Association is a New Hampshire corporation
with branch organizations in New York State. It was organ-
ized in 1898 and is a membership corporation. Its corporate
purposes are: '' The object for which this corporation is estab-
lished is to conduct the business of a fraternal beneficiary asso-
ciation for the sole benefit of its members and beneficiaries
and not for profit; to promote closer social realtionship among
railway postal clerks; to better enable them to perfect any
movement that may be for their benefit as a class or for the
benefit of the railway mail service; to provide relief for its
members and their beneficiaries and make provisions for the
payment of benefits to them, in case of death, sickness, tem-
porary or permanent physical disability, either as a result of
disease, accident or old age.''

Duties of its industrial secretary are:

'' To collect and compile useful data relative to wage stand-
ards and working conditions in the Industrial Field and Postal
Service and other subjects which may be of benefit in promoting
the welfare of railway postal clerks.

'' To assist in the presentation of grievances pertaining to
service conditions and endeavor to secure adjustment of such
through administrative action.

'' To act as the representative of members of the railway
mail association before the United States Employees' Com-
pensation Commission.''

The opening ritual of an association meeting includes a recital
that the membership is pledged to '' the betterment of service
conditions.'' An association publication recites among the
achievements of the association the improvement of the service
and conditions of employment. It states that the activity of
the association is directed to '' promoting the welfare of rail-
way postal clerks by improving conditions under which they
work ''. It takes credit for having secured many material bene-
fits financially and in working conditions. In the official pub-
lication the industrial secretary stated: '' Only through col-

lective action have workers ever improved wage and working standards.'' The association is classified as a labor union in the official bulletin of the United States Department of Labor. Since 1917 it has been a member of the American Federation of Labor and the certificate of affiliation from that body refers to it as a union. It assumes credit for having secured beneficial legislation. Thus by its own acts the association has interpreted its charter to include certain phases of collective bargaining and dealing with the Federal government concerning grievances, terms and conditions of employment and rendering its members mutual aid and protection. The association comes clearly within the statutory definition of a labor union.

It is argued that Civil Rights Law, section 43, is limited by Labor Law, section 715, which excludes employees of the State or of any political subdivision or agency thereof from the application of Labor Law, article 20. Labor Law, article 20, section 701, contains a definition of a labor union similar to that of Civil Rights Law, section 43. The definition in Labor Law, section 701, as limited by Labor Law, section 715, applies only to Labor Law, article 20, known as the New York State Labor Relations Act. The definition in section 43 of the Civil Rights Law is complete in itself and is specifically limited to that section. Each definition is intended only for its respective article or section and they are not interchangeable or supplemental. They are not *in pari materia.*

Now let us inquire whether the plaintiff, a labor union within the meaning of section 43 of the Civil Rights Law, is violating that section.

Article III of the association's constitution restricts its membership as follows: '' Any regular male railway postal clerk or male substitute railway postal clerk of the United States Railway Mail Service, who is of the Caucasian race, or a native American Indian, shall be eligible to membership in the Railway Mail Association.''

Applicants for membership are required to state in writing their race or color.

Thus it is obvious on the face that the plaintiff offends against the provisions of this statute in that it limits its membership to persons of the Caucasian race or native American Indians.

It is further urged that because plaintiff is permitted to do an insurance business within the State of New York, it is not a labor organization. The insurance features of plaintiff's powers do not alter the fact that it is also a labor organization

within the meaning of section 43 of the Civil Rights Law. These powers are in addition to its other functions and activities and furnish no reason for excluding plaintiff from the operation of this statute.

Nor do we find in section 43 of the Civil Rights Law or its application to plaintiff any violation of the State or Federal Constitution as plaintiff urges. We see here no attempt on the part of the State to infringe upon the Federal power to conduct the postal system or handle the mails. The racial discrimination forbidden by this statute is too far removed from the operations of the Federal government even though membership in the plaintiff is limited to railway postal clerks and substitutes. There is no effort on the part of the State to regulate or interfere with the railway mail service. Quite the contrary. It is an effort to prevent racial and religious discrimination in all labor organizations operating within the State.

The order and judgment should be reversed on the law and judgment granted in favor of the defendants dismissing the complaint, with costs.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur.

Order and judgment reversed on the law and judgment granted in favor of defendants dismissing the complaint, with costs.